I have to say that this brief was a long time coming to the court because it involves an issue that I've always thought created a difficulty in sentencing, and in this case, Mr. Moody of course, your Honor's not only sentenced an underlying offense, but it was a thorough exclamation of 3583B in practice. And then the court moved over to the violation and just announced the sentence. In so doing, the court did not comply with 3583E, which requires the court to which says that the court has to set forth the reasons under 3583A as to why it's imposing multiple sentences. And so what happened here is that the sentence for the violation of supervised release is not supportive of the record. And so we've asked the court to consider whether or not the system stands to be reasonable, and to send it back to Judge Berman for resentencing. Now the issue, those are the legal issues, but the underlying issue here is that many of the defendants who come before the court, like Mr. Moody, have tremendous life story, tremendous history, tremendous mitigation, and it's not something that's easily developed and easily learned about. Many hours are devoted by the lawyers who come before the court to work with defendants, work through the problems, issues in their lives. And then of course, you want to present it to the court in a persuasive way. And I've always taken the view that a lot of the judges who were serving on the bench developed their philosophy about sentencing back when these type of arguments were called an abusive excuse. And we've turned the corner on that. In the capital world, the standard is that mitigation has to be given meaningful consideration at the time of sentencing. And I've always thought, why isn't that standard something that's applied in non-capital cases, particularly when defendants are facing these extraordinary resentences? And so, what... Can I ask you a question? Yes, sir. Did you appear before Judge Berman in this matter? Yes, I did. Did Judge Berman at any point comment on the fact that the sentencing guidelines are not mandatory, that they're advised? Did he ever make any comment on that? Or did he refer to the 3553A factors? You know, if Judge Berman did, it would have been in connection with the underlying charge, with the underlying offense. He certainly did not do it in the supervised release section. And of course, that's a separate sentencing that has to have all of the record as clear as it is for the underlying sentence. And that's in the statute itself. Separate sentence, separate judgment. That's correct. And so, it's interesting, Judge Berman said, if you go back to the brief, Steve, if you go back to what Judge Berman said to the defendant at sentencing, the judge did... I mean, at the plea, at the plea, Judge Berman did tell him that the guidelines are advisory and that he told the defendant at the time of sentencing, we're going to go through all these factors, et cetera, et cetera, in relation to your supervised release. It just didn't happen. And I think, you know, a lot of times... And I just want to very candidly... I mean, this is not like an exercise to like one-up Judge Berman or anything like that. This is just difficult work for us. And I, regardless of how the court decides these issues, I think it's just great guidance for all of us. I sort of like circuits' opinions that are talking about this concept of meaningful consideration of these factors at sentencing. Not like a bucket checklist. We don't even have a bucket checklist here, but not just a bucket checklist, but a real look at how these factors impact sentencing. And when you have the consecutive sentences, to me, the statute, the default for the judiciary is concurrent sentences, unless the court otherwise considers a consecutive. That's in the statute itself. That's in 3584A. And so if there's going to be this additional punishment that doesn't ordinarily apply, then the statute, the next statute, 3584B says, then you should be explaining that. It says, shall apply the practice under 3583A. To me, it makes sense. I mean, the idea is this person is going to receive additional punishment. Well, why? What's the explanation? And I think at the end of the day, it's not just a legal argument. I think it's helpful for the defendants and their redemption, their change. One of the interesting things about the case is that when the judge was addressing the underlying charge, he remarked incredibly at this defendant's tremendous progress when he was in the DOP. And he said he had never seen a defendant who had worked so hard at trying to change, to sort of right the shit. And I think it's extraordinarily instructive for a defendant to live another 19 years to know what it is that results. Why did he get there? What was the court's reasoning for it and the work on that? To add that to his list of ways to change. Counsel, could you briefly address the government's jurisdictional argument? Great argument. I mean, I interjected different sentence, different judgment. Your notice of appeal referenced the 19, the underlying conviction, the underlying sentence, not the judgment for the supervised release violation. Great argument, and some research saved me. I found the case. Never hurts. Right. I found the case of United States v. Taylor. But it found a plain error where the lawyer failed to object to the supervised release sentence. He also made a mistake that I made, which was he didn't put the number up in the box. And so that took me to look at all the cases under Rule 3. And all of those cases, a long line of those cases, I said, hey, was something misleading done here? Is this really formal or substantial? And so the notice of appeal is very similar to the way the notice of appeal was written out in United States v. Taylor. There's no one to take advantage of the government in this case at all. It's really a broader interpretation of what it is that parties are on notice about. And I believe that the notice, even without the numbers, you have that here because the language in the judgment of commitment for the underlying charge specifically addresses the supervised release violation in the 51st consecutive. So that's how we addressed it. We addressed it in the briefing in front of the circuit, the case said. Thank you, Mr. Rico. And you do have two minutes for a follow-up. Mr. Sobolan. May it please the Court. My name is Robert Sobolan. I'm the Assistant United States Attorney for the Southern District of New York. I represent the United States on this appeal and the District Court below. I want to start where Mr. Rico left off, which is the jurisdictional issue. Federal Rule of Appellate Procedure 3C1B says that the notice of appeal must designate the judgment or the appealable order in which the appeal was taken. As the Court knows, this is a jurisdictional rule and it's not waivable. The defendant's notice here only referenced the 2019 case. It did not reference the violation of the supervised release case at all. What matters is what can be inferred as to the intent here, right? That's correct, Your Honor. So this Court has said that the inquiry in a situation like this is whether we can infer that the appellant was going to appeal this different judgment based on the four corners of the notice of appeal that was filed. And it simply cannot be inferred. Well, it seems to me there's two relevant facts. It references the date and the date of judgment for both judgments is the same date, October, whatever it was. And second, as Mr. Rico just pointed out, the judgment in 19CR112 does itself reference the sentence in 10CR1160. Yes, Your Honor. As any judgment would, where it's running consecutive to another sentence. So that doesn't, I think, graft onto the notice of appeal here. The Court in the past has looked simply to the four corners of the notice and there's simply nothing in it that would lead one to believe that they meant to appeal the other case. All right. This Court's decisions in Rana and Taggart are said in their brief on pages 25 and 26 are instructive. This Court has found that these were pro se cases where the Court gives even more liberal instruction to file it. In this case, where experienced counsel represented the defendant, that the Court could not infer an appeal from a default judgment where the notice of appeal only listed a damages award in the very same case. Similarly, in Taggart, this Court found that it could not infer intent to appeal. Do you agree the Seventh Circuit case comes out the other way on the same facts? Yes, Your Honor, it does. So you want to create a circuit split on this? Your Honor, the Sixth Circuit has already ruled in our favor in the Velazquez-Rez case. Our view is that that is correctly decided. In Taylor, the issue is not briefed. The government's not contest jurisdiction. I don't believe the government's briefed. It's not addressed. It just wasn't something that the Court really engaged with and it actually found that the government's position in that case was Obviously, the government took a position in this case and it's a position that there is no jurisdiction. Sixth Circuit with the Velazquez-Rez, there's actually also no government brief filed in that case, but the Court came out the other way. And Taylor didn't engage with Velazquez-Rez, doesn't appear to have recognized that they're just creating a circuit split in putting out that. And at the end of the day, there just isn't an ability to infer something where it's completely vacant. The Court in Smith, the Supreme Court in Smith said it has to be the functional equivalent of the rule of wires. Here, there's just nothing. It's not that there was a docket number that was wrong or it referenced the wrong date of the judgment. So when the opening brief was filed, you're surprised to learn there was a challenge to the supervised release sentence? Honestly, yes, I had already spoken with appeals about a traffic motion to dismiss based on the inhalant waiver and I thought, okay, that makes sense. The supervised release is kind of holding shut. I'm not sure why they're appealing with a kind of inhalant waiver, but I'll draft the brief once I see theirs and they file theirs. I genuinely was surprised given the notice of appeal. With respect to the other items that came up during Mr. Pico's presentation, Judge Kourambas asked, did Judge Berman mention whether the guidelines were mandatory or not? On the very first page of the transcript, it's actually page number two, but the first page of the transcript, Judge Berman expressly stated that the guidelines were not mandatory. And it's obvious that he knew that because both the sentences that Judge Berman proposed were below the guidelines. One of them, I'm not sure, in the 80 months, below the bottom of the guidelines and the other one month was about the bottom of the guidelines range. And he made clear that he knew he could and did vary below those guidelines. Do you agree there is, if we have jurisdiction, there is error on the term of supervised release imposed on the supervised release violation? Yes, yes, Your Honor. It's obviously an error that we consent to a remand if there is jurisdiction, which we think there is not, because it's not an easy plain error. Obviously, something the Supreme Court did not recognize at the time. There's really not much argument to be made on that, given that he's going to be serving an identical term of supervised release on the 2019 case for the exact same period of time. So the harm is really theoretical. If he were to violate, I suppose the judge could violate him in both cases as a practical matter. That's pretty unlikely to be an error that we agree to in that context. And you also have an appeal waiver with regard to the substantive crime, right? Yes, Your Honor. There really is not much of an argument to be had that the appeal waiver should be validated here. That's a straightforward claim that we raised and none of the accepted exceptions to the appeal waiver provision are identified by the defending but there's no appeal waiver with respect to the plea on the on the violation. Thank you. This is a question I have regarding many appeals on judgments, but tell me what you think will happen if we rule in favor of the appellate and if we remand this to Judge Berman. What do you think would be the procedure? So if the court finds that there is is that there should be remand for a very limited purpose. So just to correct the error in the additional term of supervised release, it should be 10 months rather than 60. This is the default rule. We cite a case in our brief at page 48 where it's a sentencing error rather than a conviction error. The default rule is for a limited remand, not a de novo remand. There's no indication here that de novo remand would be appropriate because Judge Berman already engaged in the sort of balancing equation of prison time versus supervised release and we know that because these happen to be appeals from one sentencing proceeding where that balance was already done holistically. Holistic is the right word I suppose for the work of a district judge who's also a political worker, right? Yes, Your Honor. I noticed that you mentioned Judge Berman often in your brief which is an important device of brief writing because it reminds us who exactly the district court is. So I'll ask Mr. Ricco the same question. What it is that I'm a little confused as to what he thinks he's going to achieve by prevailing there. Maybe he'll achieve something that I haven't seen and that's fine. But Judge Berman is probably the only district judge in the country who's also a social worker, right? Yes, Your Honor. Not that that's relevant. We understand we're dealing with the guidelines and the statutes, but it is unusual. If ever a judge in the Southern District would be regarded as a little soft in sentencing, it would be Judge Berman, right? Your Honor, I'm not going to comment on any judge's record of course, but I do want to say... It's not of your business, it's not of my business either. I do think... Go ahead. I do think to the court's point that transcript makes it very clear that Judge Berman went to extraordinary lengths to understand this defendant's background, his history, his characteristics. He spent pages of the transcript recounting the exact things that Mr. Ricco wanted the court to take into account. And there's actually a part of our brief where there's a almost pointed list that juxtaposes the facts that Mr. Moody wanted the District Court to take into account as he raised this appeal and what Judge Berman actually said about those, acknowledging and taking all of those factors into account. And to the court's point about Judge Berman being someone who does delve into these issues, there's a part of the transcript, I believe, from the end where Judge Berman is reflective and saying that, you know, I feel that I even got to know you perhaps, you know, better than anyone else through this process. So this is not a sentencing where the judge ignored factors, didn't consider mitigating information. It's one where the court was quite thoughtful about the sentencing process. Unless the court has additional questions, I thank you for your time. Thank you. Mr. Ricco, you have two minutes. I want to give right to Judge Cronin's question, but I do want to say this. The other point here is I'm not sure you misrecorded that Judge Berman was aware that he could sentence the defendants in the common time, because that's not stated on the record. And if we do look at that, and if we do look at what the judge said, at the time he took the plea, he said, Mr. Moody, when it comes time to sentence you for this probation violation, I will consider the factors set forth in 1896 Code Section 3583E and those factors. And he walks through the factors. He never did it. And the fact that he did it in connection with the first part of it, you can't just morph that into the second sentence in proceeding. It's kind of curious though, you appealed the violation of the supervised release by saying it was all one proceeding, and so therefore a reference to the substantive crime explains his intent. And yet, apparently what Judge Berman said during sentencing in the substantive crime, somehow you see as separate and not relevant with regard to his sentencing during the violation. Don't you feel that it was a touch inconsistent? No, Judge, and I'm going to tell you why. Okay. Because the statute says he has to treat it separately. 3583 says, okay, it is one hearing. And so when the government says, well, this is unlike other cases, but the intent of what you had was the same underlying fact, pretty much the same hearing, everything happened at the same time. So there was no reason to mislead the cases that the government told us. And that's what you say is relevant to understanding your client's intent with regard to the appeal. On the jurisdictional issue. All right. And I do want to make this one after five seconds, and it's one point I want to make. You see, you can't say he went to the factness and therefore he applied for parole. Because with respect to the underlying factness, he varied from the guidelines 50%. He went down 180 months from the guideline range. On the violation of supervised release, he went down one month with the same move, with the same circumstances. He never even discussed... 187 months. 187. You're not satisfied with that? No, no, no. Okay. We're not talking about... You're talking about the 50 months. I'm talking about the 50 months. But you're saying because he went down less than he did for the sentence that preceded it, they didn't get the same consideration. Because how do you get 1% from 50 months, but you get 50% with the same mitigating factors? He's the same person. And so what we don't have on this... So you're saying a more severe sentence? No. It should have been a less... If I go to Judge Moranis' question, what would he hope to accomplish if he goes back? Do you want it concurrent? I mean, at the end of the day, it's an argument about concurrent. I would like for it to be concurrent, or partially concurrent. And in addition to that, I would like for Judge Berman to consider a greater variance. And my argument to him would be very simple. You gave him a tremendous variance on the underlying. What happened on the violation of supervised release? Well, what happened was that it was a violation of supervised release. You're being punished, not just for the crime, but for the violation. For the breach of trust. Yes. But the statute says the same factors have to apply, and the statute says put it on your record so when the court looks at it on appeal, they don't have to do the same thing. There's nothing to suggest he didn't understand he could run them concurrently, right? Nothing to point to. I would agree with that. He just didn't comply with the statute. Thank you, counsel.